THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE SHANDRO KIESERMAN, M.D., | CASE NO. C21-0448-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion for leave to file the "administrative record" in this matter under seal (Dkt. No. 9). Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking a declaration of her right to disability benefits. (*See* Dkt. No. 1.) The parties agree that the Court will need to consider Defendant's claim file, *i.e.*, the administrative record, to resolve the matter. (Dkt. No. 9 at 1–2.) The parties now jointly move to file and maintain the administrative record under seal because it contains Plaintiff's sensitive medical information. (*Id.*)

In general, there is a strong presumption to public access to court-filed documents. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); W.D. Wash.

Local Civ. R. 5(g). A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts have recognized that the need to protect a party's medical privacy is a compelling reason to seal, the decision to seal must be made on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, Case No. C12-1569-RSM, slip op. at 2 (W.D. Wash. 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

        The parties state that compelling reasons exist for the Court to allow the entire administrative record to be filed under seal, as "[t]hat file is primarily medical records and other documents addressing Plaintiff's medical conditions." (Dkt. No. 9 at 2.) The parties assert that redaction is not practicable due to the extensive redactions that would be necessary to protect Plaintiff's privacy interests. (*Id*.) The Court cannot grant the motion without first conducting an *in camera* review of the documents. Therefore, the parties are ORDERED to file a copy of the administrative record under seal no later than September 10, 2021 for the Court's *in camera* review. The electronic files containing the administrative record must be submitted in a searchable format. The administrative record will be maintained under seal until the Court issues an order on the parties' stipulated motion to seal. (Dkt. No. 9.)

        DATED this 30th day of August 2021.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk