THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE SHANDRO KIESERMAN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CASE NO. C21-0448-JCC <br><br> ORDER |

This matter comes before the Court on the parties' stipulated motion for leave to file the administrative record under seal (Dkt. No. 9). Having thoroughly considered the parties' motion and conducted *in camera* review of the administrative record, the Court hereby GRANTS the motion for the reasons explained below.

I.   **BACKGROUND**

Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking a declaration of her right to disability benefits and reinstatement of the waiver of her life insurance premium. (*See* Dkt. No. 1 at 1.) The parties jointly moved to file and maintain the administrative record under seal because it contains Plaintiff's sensitive medical information. (Dkt. No. 9 at 1–2.) The Court ordered the parties to file a copy of the administrative record—Defendant's 3447-page claim file regarding Plaintiff—under seal so the

1  Court could review it *in camera* to determine whether their request to seal was overly broad.

2  (Dkt. No. 10; *see* Dkt. No. 9 at 1–2.) The parties did so. (*See* Dkt. No. 11.)

## II. DISCUSSION

In general, there is a strong presumption for public access to court files. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); W.D. Wash. Local Civ. R. 5(g). A party seeking to seal a document attached to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1179. While courts recognize that protecting a party's medical privacy is a compelling reason to seal, the Court must make the decision to seal on a document-by-document basis. *See Karpenski v. Am. Gen. Life Companies, LLC*, No. C12-1569-RSM, slip op. at 2 (W.D. Wash. Oct. 9, 2013) (ruling that some but not all of the documents containing protected medical information should be maintained under seal).

The parties assert that compelling reasons justify sealing the entire administrative record because it consists of "primarily medical records and other documents addressing Plaintiff's medical condition." (Dkt. No. 9 at 2.) The parties further argue that redaction is not a reasonable alternative "[d]ue to the volume of the record, and the extensive redaction that would be necessary." (*Id*.)

The Court agrees. The administrative record contains documents that discuss Plaintiff's sensitive medical information at length and in substantial detail. Plaintiff's interest in keeping that information confidential outweighs the public's interest in access. *See Kamakana*, 447 F.3d at 1179. Further, while some documents contain non-confidential information alongside confidential information that could be redacted, requiring such extensive redactions would be unduly burdensome and the value of the remaining record to the general public would be minimal. Therefore, redaction is not a reasonable alternative to sealing.

## III. CONCLUSION

For the foregoing reasons, the parties' stipulated motion for leave to file the

1  administrative record under seal (Dkt. No. 9) is GRANTED. The Clerk is DIRECTED to

2  maintain Docket Number 11 under seal until further order of the Court.

3        DATED this 17th day of September 2021.

                                  A John C. Coughenour
                                  UNITED STATES DISTRICT JUDGE